UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LEADINGHAM,

        Plaintiff,

v.

        Case Number 2:14-CV-10457
        Honorable David M. Lawson

RICK BOWSER and KIM BLOOMER,

        Defendants.

_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

The Court has before it plaintiff Brian Leadingham's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. The plaintiff, a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. He names mental health social workers Rick Bowser, Kim Bloomer, and an unidentifiable person from Ann Arbor, Michigan as the defendants in this action and sues them in their individual and official capacities. The complaint is difficult to follow. The plaintiff cites employment discrimination law, legal standards for effective legal counsel, summary judgment, and habeas review, and social security provisions, but does not allege any facts or specific allegations against the named defendants. The Court, therefore, will dismiss it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

I.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss a pauper's complaint on the Court's own motion before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees, which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed. R. Civ. P. 8(a)(2)). Although this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

(quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

There are several reasons why the plaintiff's complaint must be deemed frivolous and why it fails to state a claim upon which relief may be granted. First, the plaintiff cites various legal standards and provisions in his complaint, but fails to state a discernible legal claim. Second, the plaintiff fails to make any factual allegations in his complaint or to allege specific claims of intentional wrongdoing by the named defendants. It is well-settled that conclusory allegations without factual support are insufficient to state a civil rights claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57. Third, the plaintiff fails to request any particular form or type of relief in his complaint. Consequently, his civil rights complaint must be dismissed as frivolous and for failure to state a claim upon which relief may granted.

II.

The Court concludes that the plaintiff's civil rights complaint is frivolous and fails to state a claim upon which relief may be granted. The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, it is hereby **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 18, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 18, 2014.

s/Shawntel Jackson
SHAWNTEL JACKSON

---